UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ALBERTO ANAYA
and other similarly-situated individuals,

  Plaintiff (s),

v.

A & S ENTERTAINMENT. LLC
d/b/a THE OFFICE MIAMI BEACH
CLAUDETTE M. PIERRE,
GREGORY PIERRE individually,

  Defendants,

_____ /

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ALBERTO ANAYA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants A & S ENTERTAINMENT, LLC, d/b/a THE OFFICE MIAMI BEACH, CLAUDETTE M. PIERRE, and GREGORY PIERRE, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ALBERTO ANAYA is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant A & S ENTERTAINMENT, LLC, d/b/a THE OFFICE MIAMI BEACH, THE OFFICE, INC. (hereinafter THE OFFICE) is a Florida corporation having its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendants CLAUDETTE M. PIERRE, and GREGORY PIERRE were and are now, owners/officers and or directors of the Corporation and supervisor of Plaintiff. Defendant CLAUDETTE M. PIERRE and GREGORY PIERRE are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff ALBERTO ANAYA to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant THE OFFICE is a gentleman's strip club.

8. Defendant THE OFFICE employed Plaintiff ALBERTO ANAYA as a non-exempt security employee, approximately from November 15, 2013 to February 1, 2014 or 11 weeks. Plaintiff was hired to work only 40 hours weekly. Plaintiff's hourly rate was $13.50 an hour and his overtime rate should be $20.25.

9. During Plaintiff's employment time, he worked more than 40 hours every week period. Plaintiff had a regular schedule From Tuesday to Sunday from 8:00 PM to 7:00 AM (11

hours each day). However Plaintiff worked 1 off-the clock hour every day. Plaintiff was required to show up for work at 7:00 am, but he was allow to sign a timesheet at 8:00 AM. Therefore, Plaintiff worked a total of 72 (Seventy Two) hours weekly. Plaintiff was unable to take any bona fide lunch time break.

10. Plaintiff was paid in cash and sometimes checks, but he was paid only 40 hours of work in a week period**.** Plaintiff never was in agreement with the number of hours paid to him, and complained multiple times.

11. During his employment with Defendants, Plaintiff suffered discriminatory treatment, and he filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). This Agency has issued a "Notice of Right to Sue" in this case.

12. On or about February 1, 2014 Defendants fired Plaintiff due to his multiples complaints about regular and overtime wages and due to discriminatory reason. Plaintiff was not paid for his last 2 weeks of employment the amount of $1,080.00.

13. Plaintiff ALBERTO ANAYA seeks to recover any unpaid regular wages, overtime hours, retaliatory damages, and any other relief as allowable by law.

14. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**</u>

15. Plaintiff ALBERTO ANAYA re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. This cause of action is brought by Plaintiff ALBERTO ANAYA as a collective action to recover from Defendant overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after November 2013, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

17. Defendant THE OFFICE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is an entertainment business and is a bar/strip club. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

18. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to out of states customers and tourists.

19. Defendant THE OFFICE employed Plaintiff ALBERTO ANAYA as a non-exempt security employee, approximately from November 15, 2013 to February 1, 2014 or 11 weeks. Plaintiff was hired to work only 40 hours weekly. Plaintiff's hourly rate was $13.50 an hour and his overtime rate should be $20.25.

20. During Plaintiff's employment time, he worked more than 40 hours every week period. Plaintiff had a regular schedule From Tuesday to Sunday from 8:00 PM to 7:00 AM (11 hours each day). However Plaintiff worked 1 off-the clock hour every day. Plaintiff was required to show up for work at 7:00 PM, but he was allow to sign a timesheet at 8:00 PM. Therefore, Plaintiff worked a total of 72 (Seventy Two) hours weekly. Plaintiff was unable to take any bona fide lunch time break.

21. Defendant failed to pay Plaintiff at the rate of time and a half his regular rate for every hour in excess of forty, in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

22. Plaintiff and other similarly situated employees were paid with cash and checks. Plaintiff was not provided with paystubs reflecting the real number of hours worked.

23. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

24. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

25. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid off the clock overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Calculations are based in a workweek of 72 hours, and a regular rate of $13.50.

   a. <u>Total amount of alleged half-time unpaid O/T wages</u>:

   Seven Thousand One Hundred Twenty Eight Dollars and 00/100 ($7,128.00)

   b. <u>Calculation of such wages</u>:
   Relevant weeks of employment:  11 weeks
   Total number of hours worked:  72 hours average weekly
   Total number or paid hours: 40 hours
   Total number of unpaid overtime hours: 32 hours

   Regular rate:  $13.50 an hour x 1.5 = $20.25 O/T rate

   O/T rate $20.25 x 32 O/T hours=$648.00 weekly x 11 weeks=$7,128.00

   c. <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

26. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

27. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

28. At the times mentioned, individual Defendants CLAUDETTE M. PIERRE AND GREGORY PIERRE were the owners/directors and managers of THE OFFICE. Defendants CLAUDETTE M. PIERRE AND GREGORY PIERRE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of THE OFFICE in relation to its employees, including Plaintiff and others similarly situated.  Defendants CLAUDETTE M. PIERRE and GREGORY PIERRE had financial and operational control of the corporation, provided Plaintiff and other similarly situated employees with their work schedule, and is jointly liable for Plaintiff's damages.

29. Defendants THE OFFICE, CLAUDETTE M. PIERRE and GREGORY PIERRE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

30. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff ALBERTO ANAYA and other similarly-situated individuals and against the Defendants THE OFFICE and CLAUDETTE M. PIERRE AND GREGORY PIERRE  on the basis of Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff ALBERTO ANAYA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ALBERTO ANAYA demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this complaint as if set out in full herein.

32. Defendant THE OFFICE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is an entertainment business and is a bar/strip club. Defendant have more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

33. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to out of states customers and tourists.

34. This action is brought by Plaintiff to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

35. Defendant THE OFFICE employed Plaintiff ALBERTO ANAYA as a non-exempt security employee, approximately from November 15, 2013 to February 1, 2014 or 11 weeks. Plaintiff was hired to work only 40 hours weekly. Plaintiff's hourly rate was $13.50, or $540.00 weekly.

36. Plaintiff was fired on or about February 1, 2014.  However he was not paid his regular wages for the last 2 weeks of employment.

37. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the

    possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

38. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

39. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a. <u>Total amount of alleged unpaid wages</u>:

        Five Hundred Eighty Dollars and 00/100 ($580.00)

    b. <u>Calculation of such wages</u>:

        Total relevant weeks of employment:  11 weeks
        Total of unpaid weeks: 2 weeks
        Total hours worked: 40 hours per week
        Regular rate: $13.50
        Total unpaid hours:  80 hours

        Minimum wage 2013-2014: $7.25 an hour

        $7.25 x 40 hours= $290.00 weekly x 2 weeks=$580.00

    c. <u>Nature of wages:</u>

        This amount represents unpaid Federal minimum wages.

40. Defendant THE OFFICE unlawfully failed to pay minimum wages to Plaintiff.  Plaintiff seeks to recover any unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

41. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

42. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

43. At the times mentioned, individual Defendants CLAUDETTE M. PIERRE and GREGORY PIERRE were the Presidents/owners of Defendant Corporation THE OFFICE. Individual Defendants CLAUDETTE M. PIERRE and GREGORY PIERRE had financial and operational control of the Corporation, they determined Plaintiff's employment terms and conditions, and they are jointly liable for Plaintiff's damages.  Individual Defendants CLAUDETTE M. PIERRE and GREGORY PIERRE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interest of Defendant THE OFFICE in relation to its employees including Plaintiff and others similarly situated.

44.  Defendants THE OFFICE, CLAUDETTE M. PIERRE and GREGORY PIERRE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALBERTO ANAYA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants THE OFFICE, CLAUDETTE M. PIERRE and GREGORY PIERRE  on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations;

and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff ALBERTO ANAYA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT III: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

46. Plaintiff ALBERTO ANAYA re-adopts each and every factual allegation as stated in paragraphs 1-45 of this complaint as if set out in full herein.

47. Defendant THE OFFICE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

48. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to out of states customers and tourists.

49. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

50. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

51. Defendant THE OFFICE employed Plaintiff ALBERTO ANAYA as a non-exempt security employee, approximately from November 15, 2013 to February 1, 2014 or 11 weeks. Plaintiff's hourly rate was $13.50, or $540.00 weekly.

52. Plaintiff was hired to work 40 hours in every week period. Nevertheless Plaintiff ended up working an average of 57.5 hours weekly.  However, Plaintiff was not properly compensated for every overtime hour worked.

53. Plaintiff complained multiple times about the irregular payment of his wages and about the unpaid overtime hours.  Plaintiff complained to his Supervisor ANGEL VELEZ.

54. Only in January 2014, Plaintiff complained and requested to be paid for overtime hours on or about January 10, January 24, and January 31, 2015.

55. When Plaintiff complained and requested to be paid his regular wages and for overtime hours at the rate of time and a half his regular rate, he was exercising his protected rights under the Fair Labor Standards Act.

56. The next day, February 1, 2014, around 7:00 PM. Plaintiff complained again to his Supervisor, and demanded to be paid for his last 2 regular weeks of work and for overtime

hours.  As a result of these complains, the owner of the business, GREGORY PIERRE fired Plaintiff at 8:30 PM, and never Paid Plaintiff his hard earned wages.

57. The termination of Plaintiff ALBERTO ANAYA by the Defendant, was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about regular and overtime payment, in violation of Federal Law.

58. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

59. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

60. At the times mentioned, individual Defendants CLAUDETTE M. PIERRE and GREGORY PIERRE were the Presidents/owners of Defendant Corporation THE OFFICE. Individual Defendants CLAUDETTE M. PIERRE and GREGORY PIERRE had financial and operational control of the Corporation, they determined Plaintiff's employment terms and conditions, and they are jointly liable for Plaintiff's damages.  Individual Defendants CLAUDETTE M. PIERRE and GREGORY PIERRE were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interest of Defendant THE OFFICE in relation to its employees including Plaintiff and others similarly situated.

61. Defendants THE OFFICE and CLAUDETTE M. PIERRE AND GREGORY PIERRE willfully and maliciously retaliated against Plaintiff ALBERTO ANAYA by engaging in

retaliatory actions that were materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

62. The motivating factor which caused Plaintiff ALBERTO ANAYA to be fired from the business, as described above was his complaint seeking regular and overtime wages from the Defendants. In other words, Plaintiff would not have been fired, but for his complains for overtime wages.

63. The Defendants' adverse actions against Plaintiff ALBERTO ANAYA were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

64. Plaintiff ALBERTO ANAYA has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALBERTO ANAYA respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff ALBERTO ANAYA by Defendants THE OFFICE, CLAUDETTE M. PIERRE and GREGORY PIERRE was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants THE OFFICE, CLAUDETTE M. PIERRE, and GREGORY PIERRE awarding Plaintiff ALBERTO ANAYA liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

F. Reinstatement and promotion and injunctive relief prohibiting the Defendants from

discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable as per 29 U.S.C. 216(b).

JURY DEMAND

Plaintiff ALBERTO ANAYA demands trial by jury of all issues triable as of right by jury.

Dated:  September 23, 2015

        Respectfully submitted,

        By:  **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile:  (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*